## Chicago & Alton Railroad Co.

### v.

## Richard Langley.

Contributory negligence. — A plaintiff cannot recover for injuries received through the defendant's negligence, where his own negligence has contributed to such injuries, unless his negligence was slight and that of the defendant gross in comparison.

Appeal from the Circuit Court of Mason county; the Hon. Lyman Lacey, Judge, presiding.

Messrs. Dearborn & Campbell, for appellant; that the plaintiff did not use all reasonable means in his power to avoid the accident, and is not entitled to a recovery, cited C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; McGrath v. N. Y. C. & H. R. R. Co. 59 N. Y. 468; Penn. R. R. Co. v. Beall, 73 Pa. St. 504; T. W. & W. R. R. Co. v. Miller, 76 Ill. 278; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; C. & A. R. R. Co. v. Jacobs, 63 Ill. 178; T. P. & W. R. R. Co. v. Bray, 57 Ill. 514; T. P. & W. R. R. Co. v. Riley, 47 Ill. 514; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; G. & C. U. R. R. Co. v. Dill, 22 Ill. 271; C. & R. I. R. R. Co. v. Still, 19 Ill. 499; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; T. W. & W. R'y Co. v. Jones, 76 Ill. 311; G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; Evansville & C. R. R. Co. v. Smith, 13 Ind. 120; B. & O. R. R. Co. v. Fitzpatrick, 13 Md. 32; Langhoff v. M. & P. R. R. Co. 23 Wis. 43; Allyn v. B. & A. R. R. Co. 105 Mass. 77; Artz v. C. R. I. & P. R. R. Co.

34 Ia. 153; Dodge v. B. C. R. & M. R. R. Co. 34 Ia. 276; L. L. & G. R. R. Co. v. Rice, 10 Kan. 426; Van Schaick v. H. R. R. R. Co. 43 N. Y. 527; Lewis v. B. & O. R. R. Co. 38 Md. 588; Gahogan v. B. & L. R. R. Co. 1 Allen, 187; Central R. R. Co. v. Dixon, 42 Ga. 327; Harlam v. St. L. K. Co. & N. R'y Co. 5 Cent. Law Jour. No. 10.

The burden of proof is upon plaintiff to show that he was exercising ordinary care and diligence at the time of the injury: C. B. & Q. R. R. Co. v. Hazard, 26 Ill. 373; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; A. B. R. R. Co. v. Grimes, 13 Ill. 548; C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 585; Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 242; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; C. B. &. Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. &. A. R. R. Co. v. Beeker, 76 Ill. 25; Ill Cent. R. R. Co. v. Baches, 55 Ill. 379.

Messrs. FULLERTON & WALLACE, for appellee; that the railroad company had no right to obstruct the crossing, and being in default in that respect, it is a negligence for the results of which they are liable, cited Rev. Stat. 1874, 810; Great West. R. R. Co. v. Decatur, 33 Ill. 381; The People v. C. & A. R. R. Co. 67 Ill. 118; St. L. A. & T. H. R. R. Co. v. Todd, 36 Ill. 409; St. L. J. & C. R. R. Co. v. Terhune, 50 Ill, 151; G. & C. U. R. R. Co. v. Crawford, 25 Ill. 529; C. & A. R. R. Co. v. Henderson, 66 Ill. 494; C. B. & Q. R. Co. v. Lee, 68 Ill. 576; G. & C. U. R. R. Co. v. Dill, 22 Ill. 271.

Unless the verdict is manifestly against the evidence it will not be disturbed: Hall v. Lincoln, 46 Ill. 52.

DAVIS, J. This action was brought by appellee to recover damages for personal injuries sustained by him in attempting to cross the track of the railroad, by climbing over the bumpers of two freight cars, chained together, in a train then being made up, on the railroad of appellant.

The accident happened on the 25th of August, 1875, between five and six o'clock in the afternoon, in the town of Matrona, a small village on the prairie, consisting of ten or twelve houses.

Chicago & Alton Railroad Co. v. Langley.

The train ran into the village and stopped on the main track of the road, not far from the platform directly over the principal street crossing of the village, where the freight cars, after the engine was detached, remained some thirty minutes, while the locomotive was engaged in switching cars from the side to the main track, and attaching them to the train.

Shortly after the train arrived, appellee approached the crossing afoot, with the intention of passing over the track to the other side of the railroad. Finding the crossing obstructed by the train, he remained there some fifteen or twenty minutes, observing what was transpiring and conversing with others who were there with teams and on foot, waiting to pass over. The train not moving out, appellee attempted to pass over to the other side of the track, by climbing over the bumpers of the two cars standing across the street crossing, and while he was in the act of springing up, the locomotive backed down some cars to fasten them to the train, and he was caught between the two cars and seriously injured.

The ground where the accident happened was nearly level with the surrounding country, and was open on both sides of the railroad. The road bed was about a foot higher than the surrounding surface, and was made by the dirt thrown up from the ditches on each side. The locomotive and train were in plain view of those who were present while appellee was waiting at the crossing. The locomotive was on the north end of the train and was backing down on the main track when appellee started to cross over, but its location was not then noticed by him. The crossing where appellee was injured was at the distance of the length of five cars from the south or rear end, and of twelve cars from the front end of the train. There were two other street crossings where teams crossed, one north and the other south, about one hundred yards from the place of the accident. There was also a street on each side of the railroad track, outside of the right of way, and the ground on both sides was open and unoccupied, and used by the public in passing and repassing.

On these facts, as shown by the evidence, given principally by the appellee's witnesses, a verdict and judgment was rendered against the appellant, to reverse which this appeal was taken.

Chicago & Alton Railroad Co. v. Langley.

Appellant was guilty of some degree of negligence in permitting the train to remain an obstruction to the street crossing over ten minutes, and for that violation of law a remedy is given by the statute.

But that did not absolve appellee from the exercise of that reasonable care and prudence which should govern every person similarly situated. There was no urgent necessity shown for appellee to cross the track at risk of life or limb, and if his business or pleasure required his presence on the other side, a very little exertion on his part would have enabled him to accomplish his purpose without risk. The locomotive was detached from the train leaving the cars standing motionless, with the rear end of the train at a distance of not exceeding one hundred and fifty feet from where appellee desired to cross, and nothing whatever in the way to prevent him from walking that distance and crossing the track in safety at the end of the train. It seems almost incomprehensible that a human being, endowed with reason, would run the risk of the loss of life which might result from an attempt to pass between two cars of a freight train, under the circumstances attending this case, when all possible danger could be avoided by the exercise of so slight a degree of prudence and care. The act of appellee was one of great danger and recklessness, of which he was probably unconscious at the time.

The rule is well established that a plaintiff cannot recover for injuries received through the defendant's negligence where his own negligence has contributed to such injuries, unless his negligence was slight and that of the defendant gross when compared with each other.

Conceding that appellant was guilty of negligence in obstructing the street crossing, the negligence of the appellee was not slight when compared with that of appellant, and therefore he cannot recover.

The judgment below must be reversed.

Judgment reversed.

LACEY, J., having presided on the trial of this case below, took no part on the hearing.